United States Court of Appeals,

Fifth Circuit.

No. 95-40877

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Norris Claude RICKETT, Defendant-Appellant.

July 15, 1996.

Appeal from the United States District Court for the Eastern District of Texas.

Before GARWOOD, WIENER and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

## FACTS AND PROCEEDINGS BELOW

On December 4, 1994, Texas Department of Public Safety officers stopped Norris Claude Rickett ("Rickett") and his co-defendant, Rodney Terrell Elliott ("Elliott"), for changing lanes without signaling. Rickett, the driver, gave the officers a Tennessee driver's license identifying himself as Harold Dwayne Wiggins ("Wiggins"). Rickett appeared nervous as the officer was writing a warning ticket. Elliott also appeared nervous while being questioned.

While questioning Elliott, the officer detected the odor of marijuana smoke coming from the vehicle. Elliott produced the ashtray for the officer's inspection. The officer smelled the ashes contained in the ashtray and detected what he believed to be the odor of marijuana. When Elliott and Rickett were questioned concerning where they had been and where they were going, they gave conflicting statements.

As a result of the conflicting stories provided to the officers, the officers requested the assistance of a canine unit was requested to search the vehicle. After the canine unit arrived, an outside search of the vehicle was conducted. The dog showed interest at the passenger door of the vehicle. Rickett then gave the officers permission to search the interior of the vehicle. While

1

searching the interior of the vehicle the dog alerted on the driver's side rear quarter panel where the seat belt comes from the floor next to the seat and quarter panel. After noticing that several screws were missing from the panel, the officer removed it and observed a plastic bag wrapped in duct tape. An examination of the bag revealed that it contained a white powdery substance, which was later determined to be cocaine. Two more packages were then removed from behind the panel, and both of the individuals were placed under arrest and subsequently booked into the Panola County Jail on charges of possession of cocaine and no state drug tax stamp.

On January 11, 1995, an indictment was filed charging "Harold Dwayne Wiggins" with possession of cocaine (Count 1) and conspiracy to possess with the intent to distribute cocaine (Count 3). On February 6, 1995, the real Wiggins was arrested at his place of employment by officers of the Memphis Drug Enforcement Administration ("DEA") Task Force. Wiggins told the officers he had never been to Texas and was at work on the date of the alleged offense. Wiggins explained that he gave his social security card to Rickett, his cousin, so that Rickett could obtain a Tennessee driver's license in Wiggins' name. Wiggins was released and a warrant was issued for Rickett's arrest.

Rickett surrendered himself to officers at the Memphis DEA office on February 13, 1995. A superseding indictment was filed on March 7, 1995, naming Rickett in Counts 1 and 3. On March 10, 1995, Rickett entered a plea of "not guilty" and was released on bond pending trial. agreement, Rickett pleaded guilty to Count 3 of the superseding indictment. On that same day, Rickett was interviewed by a probation officer and admitted that he had smoked marijuana on May 27, 1995. Rickett's urine specimen tested positive for THC metabolite.

A presentence report ("PSR") was then prepared. The PSR recommended that Rickett receive a two-level upward adjustment for obstruction of justice and that he receive no points for acceptance of responsibility. Rickett objected to these provisions of the PSR. Thereafter, on September 29, 1995, the parties were provided with an Addendum to the Presentence Report in response to Rickett's objections.

Rickett appeared for sentencing on October 25, 1995. At sentencing, the district court stated

that it had considered Rickett's objections to the PSR, but that it had decided to adopt the findings of the PSR. Based on a total offense level of 30 and a Criminal History Category of I, the applicable guideline range for imprisonment was 97 to 121 months. Rickett was then sentenced to 105 months imprisonment, to be followed by a five-year term of supervised release. On October 27, 1995, Rickett filed a notice of appeal.

## DISCUSSION

On appeal, Rickett contends that the district court erred when it sentenced him. Specifically, he argues that the district court erred when it ruled that Rickett receive a two-level upward adjustment for obstruction of justice and that he receive no points for acceptance of responsibility. We address both of these arguments below.

I. Obstruction of Justice

A district court's finding that a defendant has obstructed justice under U.S.S.G. § 3C1.1 is reviewed for clear error. *United States v. McDonald,* 964 F.2d 390, 392 (5th Cir.1992). Section 3C1.1 provides for the enhancement of a defendant's offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense[.]" U.S.S.G. § 3C1.1. Providing a false name or identification at arrest or making false statements, not under oath, to law enforcement officers does not warrant the enhancement, unless the conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense. *Id.* comment. (n.4(a) and (b)). Therefore, we must examine the district court's determination as to whether Rickett's actions significantly hindered the investigation or prosecution.

At sentencing, Rule 32 requires the district court either to make findings on matters contained in the PSR that are controverted by the defendant or to make "a det ermination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed.R.Crim.P. 32(c). In the instant case, Rickett objected to the PSR's recommendation that he receive a two-level upward adjustment for obstruction of justice, thereby creating the need

3

for a finding on this issue.

The district court made no specific finding concerning the significance of the hindrance caused by Rickett's use of the "Wiggins" driver's license. However, in complying with Rule 32, the district court may accept the facts set forth in the PSR even when those facts are disputed. *United States v. Mora,* 994 F.2d 1129, 1141 (5th Cir.), *cert. denied,* --- U.S. ----, 114 S.Ct. 417, 126 L.Ed.2d 363 (1993). Although the district court made no finding regarding whether Rickett's action significantly hindered his investigation or prosecution, it did adopt the findings contained in the PSR in their entirety. Therefore, we review the findings contained in the PSR as if they had been made by the court.

The PSR found that Rickett's decision to provide a false identification document at the time of his arrest caused the arrest of an innocent individual and required the Government to file a superseding indictment in order to correct the original indictment which listed the defendant under an alias. However, there was no finding as to whether these things significantly hindered the investigation or prosecution of Rickett. Despite the absence of such a determination, it is clear that Rickett's actions significantly hindered the investigation. Consequently, the district court's failure to make this specific finding was harmless error, because under the facts of this case the sentence enhancement was clearly justified.

II. Acceptance of Responsibility

Rickett argues that the district court erred by failing to adjust his offense level downward for acceptance of responsibility under § 3E1.1. The district court adopted the PSR's recommendation that Rickett be denied a downward adjustment for acceptance of responsibility because Rickett admitted to smoking marijuana while he was released on bond pending trial and because of Rickett's obstruction of justice.

A defendant is entitled to a 2-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense[.]" U.S.S.G. § 3E1.1(a). The defendant bears the burden of proving that he is entitled to the downward adjustment. *United States v. Kinder,* 946 F.2d 362,

4

367 (5th Cir.1991), *cert. denied,* 503 U.S. 987, 112 S.Ct. 1677, 118 L.Ed.2d 394 and 504 U.S. 946, 112 S.Ct. 2290, 119 L.Ed.2d 214 (1992).  The entry of a guilty plea prior to the commencement of trial is significant evidence of acceptance of responsibility but does not entitle the defendant to a reduction as a matter of right.  U.S.S.G. § 3E1.1 comment. (n.3);  *see United States v. Shipley,* 963 F.2d 56, 58 (5th Cir.), *cert. denied,* 506 U.S. 925, 113 S.Ct. 348, 121 L.Ed.2d 263 (1992).  This court applies a very deferential standard of review to a district court's refusal to credit a defendant's acceptance of responsibility.  *United States v. Bermea,* 30 F.3d 1539, 1577 (5th Cir.1994), *cert. denied,* --- U.S. ---- - ----, 115 S.Ct. 1113, 1825, 130 L.Ed.2d 1077 (1995);  U.S.S.G. § 3E1.1, comment. (n.5) (the determination of the sentencing judge is entitled to great deference); *see United States v. Thomas,* 12 F.3d 1350, 1372 & n. 39 (5th Cir.) (applying "clearly erroneous" standard and noting, that there "appear[ed] to be no practical difference" between that standard and the "without foundation" or "great deference" standards used in other cases) (internal quotations and citations omitted), *cert. denied,* --- U.S. ----, ----, 114 S.Ct. 1861, 2119, 128 L.Ed.2d 483 (1994).

Rickett argues that he admitted his wrongdoing, fully accepted responsibility for his actions, and expressed true remorse for his crime.  He argues that he tested positive for marijuana only once while on pretrial release but complied with all other conditions of his pretrial release.  He argues that his "expression of contrition and his behavior after his guilty plea indicated that he accepted his personal responsibility."

The district court may properly deny a reduction for acceptance of responsibility for failure to refrain from criminal conduct while on pretrial release.  *United States v. Hooten,* 942 F.2d 878, 883 (5th Cir.1991); *United States v. Watkins,* 911 F.2d 983, 985 (5th Cir.1990).  This court has also held that it was not improper for a district court to consider a defendant's failure to comply with the conditions of his bond in determining whether to grant a reduction for acceptance of responsibility. *Hooten,* 942 F.2d at 882-83.

Rickett admitted that he used marijuana, and he tested positive for drugs while on pretrial release.  The district court properly relied on this information to deny him a three-level reduction for

acceptance of responsibility. *Watkins,* 911 F.2d at 985.

Rickett also argues that the district court's denial of a reduction was not justified by the obstruction-of-justice enhancement because he did not obstruct justice and, alternatively, that his use of a false identification at the time of his arrest was not inconsistent with his subsequent acceptance of responsibility. He argues that under the district court's ruling, "[n]othing he did, or could have done, would have resulted in receiving points for acceptance of responsibility."

A defendant's conduct which results in an offense-level enhancement under § 3C1.1 for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct" except in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, comment. (n.4). Rickett's arguments are unpersuasive. We have found that the evidence clearly supports the district court's finding that Rickett obstructed justice. Additionally, as discussed above, the district court could properly deny a reduction based on Rickett's pretrial drug use. Therefore, the district court did not err when it denied a reduction of Rickett's sentence for acceptance of responsibility.

## CONCLUSION

For the foregoing reasons, Rickett's sentence is AFFIRMED.