**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-41563
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEVEN SAND HAMILTON,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(4:94-CR-63-ALL)

August 31, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Steven Sand Hamilton pleaded guilty to one count of bank fraud pursuant to 18 U.S.C. § 1344. The district court enhanced Hamilton's sentence for obstruction of justice and refused Hamilton's request to apply the two-point reduction for acceptance of responsibility. We affirm.

I. FACTS AND PROCEEDINGS

In October 1986, Hamilton obtained a line of credit from the First State Bank of Celina. The line of credit was made based on Hamilton's representations that his business owned certain medical equipment and vehicles. The equipment and vehicles were pledged as collateral for the line of credit. When Hamilton defaulted on the

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

line of credit, the Bank attempted to take possession of the collateral. The Bank learned, however, that Hamilton made fraudulent representations concerning his ownership of the equipment and vehicles. Charges were brought against Hamilton for hindering a secured creditor in Collin County, Texas. Hamilton also was indicted for felony theft. Hamilton appeared in Collin County to answer the state charges in March 1992. A jury trial was scheduled for June 1992, but Hamilton did not appear.

Hamilton's state felony theft indictment included much of the conduct which led to a federal indictment in this case. Specifically, Hamilton operated two companies that collected outstanding accounts receivable on behalf of various physicians and fraudulently deposited the funds into his business account. In December 1994, a federal grand jury returned an indictment charging Hamilton with 15 counts of bank fraud in violation of 18 U.S.C. § 1344 and 16 counts of making false statements to a federally-insured financial institution in violation of 18 U.S.C. § 1014.

A warrant was issued for Hamilton's arrest on December 15, 1994. On March 12, 1998. Hamilton was arrested in Washington State Hamilton had been using an alias. Hamilton pleaded guilty to one count of bank fraud and was sentenced to 24 months in custody. The district court enhanced Hamilton's sentence by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The district court refused Hamilton's request to apply the two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

## II. DISCUSSION

In his first point of error, Hamilton contends the district court erred by increasing his total offense level for obstruction of justice. In particular, Hamilton argues that his failure to appear in state court could not have obstructed the later federal investigation and prosecution. We review a district court's finding that a defendant has obstructed justice under U.S.S.G. §

3C1.1 for clear error. *See United States v. Rickett*, 89 F.3d 224, 226 (5th Cir. 1996).

We conclude that the district court did not clearly err in finding that Hamilton obstructed justice. U.S.S.G. § 3C1.1 states:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impeded, the administration of justice during the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense by 2 levels.

U.S.S.G. § 3C1.1 (1998).

The district court made specific findings, by a preponderance of the evidence, that Hamilton "obstruct[ed] the investigation and prosecution of this federal case." It is clear that Hamilton's actions in moving to another state, living under an alias, and failing to appear in Collin County District Court obstructed the investigation and prosecution of Hamilton's case.

In his second point of error, Hamilton contends that the district court erred by failing to adjust his offense level downward for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court adopted the PSR's recommendation that Hamilton be denied a downward adjustment for acceptance of responsibility. This Court applies a very deferential standard of review to a district court's refusal to credit a defendant's acceptance of responsibility. *See Rickett*, 89 F.3d at 227.

We conclude that the district court did not err when it denied a reduction of Hamilton's sentence for acceptance of responsibility. The district court adopted the PSR's factual findings which stated that Hamilton continued to commit fraud type offenses. Hamilton's continued criminal conduct after his flight and failure to surrender voluntarily to law enforcement authorities demonstrates that the credit of acceptance of responsibility does

not apply to him.

### III.  CONCLUSION

For the foregoing reasons, Hamilton's sentence is AFFIRMED.