**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
_____

**No. 99-40342**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**VANCHIESE GREEN,**

**Defendant-Appellant.**
_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(1:98-CR-98-1)**
_____

November 5, 1999

Before SMITH, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In contesting his 151—month sentence for possession of cocaine with intent to distribute, Vanchiese Green presents three issues. Each is without merit.

Green was ordered to appear in district court on 23 November 1998; he failed to do so; an arrest warrant was issued; he surrendered two days later; and he subsequently pleaded guilty. The presentence report (PSR) recommended that his offense level be increased two levels for obstruction of justice (for failing to appear); and that he *not* receive an acceptance of responsibility

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjustment, because of the failure to appear and for testing positive for drug use twice while on bond.

Two days before sentencing, Green's counsel moved to withdraw, based on Green "wish[ing] to present a defense to the enhancement ... [for] failing to appear which would place ... counsel in direct conflict" with Green. The motion, which did *not* indicate precisely how a conflict would be created, was denied. At sentencing, the enhancement objection was overruled; the downward adjustment request, rejected.

Green contends that the court erred in denying the withdrawal motion. The denial is reviewed for abuse of discretion. *United States v. Medina*, 161 F.3d 867, 870 (5th Cir. 1998), *cert. denied,* ___ U.S.___, 119 S. Ct. 1344 (1999).

Green maintains that a conflict existed because he and his attorney had different recollections about what date Green was told to appear. "A conflict exists when defense counsel places himself in a position conducive to divided loyalties." *United States v. Carpenter*, 769 F.2d 258, 263 (5th Cir. 1985). In *Carpenter,* the conflict was that defendant's attorney had, as assistant district attorney, negotiated a plea agreement with one of the prosecution's witnesses. *Id.* at 262. Carpenter's counsel vigorously cross-examined this witness, notwithstanding the claimed conflict. *Id.* at 262. We held that counsel had *not* been placed in a position conducive to divided loyalties. *Id.* at 263.

Similarly, Green's counsel vigorously presented Green's defense that he had unwittingly missed his court date. Counsel

presented Green's testimony, and the corroborative testimony of his mother and girlfriend, that Green received misinformation about his court date, through his girlfriend, from counsel's office. Counsel did not contradict this testimony, even though she had a different recollection. Therefore, as in *Carpenter,* there is *no* conflict — counsel was *not* placed in a position conducive to divided loyalties.

Additionally, "[w]hen filing a motion to withdraw, an attorney should provide a detailed explanation of the reasons why [she] believes that 'good cause' exists for [her] to withdraw". *United States v. Wild*, 92 F.3d 304, 307 (5th Cir.) (citation omitted), *cert. denied*, 519 U.S. 1018 (1996). The motion did *not* meet this requirement, asserting merely that presenting Green's defense "would place [her] in direct conflict" with him. Accordingly, the court did *not* abuse its discretion in denying the withdrawal motion.

Next, Green challenges the finding that he obstructed justice by failing to appear. The finding is reviewed *only* for clear error. *E.g.*, *United States v. Cisneros*, 112 F.3d 1272, 1279 (5th Cir. 1997). This review is *even more deferential* when, as here, the finding rests, at least in part, on credibility determinations. *United States v. Powers,* 168 F.3d 741, 752-53 (5th Cir.), *cert. denied*, ___ U.S. ___, 1999 WL 715773 (12 Oct. 1999).

The court found that Green was *not* credible because, when asked the number of times a bench warrant had issued for him, Green was *not* truthful. He testified that this was the second time; the

PSR indicated otherwise.  Accordingly, the court did *not* clearly err.

Finally, Green claims that the court erred in denying the acceptance of responsibility adjustment.  The finding is upheld unless it was "without foundation" — a standard of review even *more deferential* than that for clear error.  *E.g., **United States v. Anderson***, 174 F.3d 515, 525 (5th Cir. 1999).  Obviously, the denial because of drug use while on bond is *not* reversible error.  *See **United States v. Flucas***, 99 F.3d 177, 180 (5th Cir. 1996), *cert. denied*, 519 U.S. 1156 (1997); ***United States v. Rickett***, 89 F.3d 224, 226-27 (5th Cir.), *cert. denied*, 519 U.S. 1000 (1996); ***United States v. Watkins***, 911 F.2d 983, 985 (5th Cir. 1990).  Additionally, Green's failure to appear is sufficient support for the finding.  ***United States v. Lujan-Sauceda***, 187 F.3d 451, (5th Cir. 1999).

*AFFIRMED*