IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40110
Conference Calendar
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

BARRY MAY,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-32-1
--------------------
October 18, 2000
Before SMITH, and BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Barry May appeals his sentence following a guilty-plea conviction for conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. May argues that the district court erred by denying him an offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

This court reviews a district court's refusal to credit a defendant's acceptance of responsibility "with even more deference than the pure 'clearly erroneous' standard." United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Flucas, 99 F.3d 177, 180 (5th Cir. 1996); § 3E1.1, comment. (n.5). Conduct that results in an offense-level enhancement under § 3C1.1 for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," except in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." § 3E1.1, comment. (n.4).

May's conduct does not support a finding that this is an extraordinary case in which both adjustments would be appropriate. See United States v. Ayala, 47 F.3d 688, 691 (5th Cir. 1995) (holding defendant's subsequent cooperation and entry of guilty plea after flight from custody, constituting obstruction of justice, did not present an extraordinary case). Furthermore, May's arguments that he accepted responsibility are foreclosed by our decision in United States v. Rickett, 89 F.3d 224, 227-28 (5th Cir. 1996), wherein we rejected the same arguments May now asserts.

Based on the foregoing, the district court did not err and its judgment is

AFFIRMED.