IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-50964

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL HACKER,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
USDC No. SA-98-CR-60-9

---

November 6, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Michael Hacker appeals his sentencing after having pled guilty to conspiracy to possess with intent to distribute marijuana. He argues that the district court clearly erred (1) in its determination of drug quantity for purposes of relevant conduct; (2) in denying a downward adjustment in his offense level for acceptance of responsibility; and (3) by assigning one criminal

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history point to his conviction for driving without insurance. Upon review of the records, briefings, and applicable case law, we conclude that the district court committed no reversible error.

Hacker failed to produce evidence sufficient to rebut both the PSR's estimate of drug quantity and the testimony of the case agent, upon which the PSR estimate was based. Hacker's conclusory assertion that he made only 15 deliveries of marijuana, averaging only 40 pounds per delivery, is insufficient to establish clear error.[1]

In addition, Hacker tested positive for marijuana use on two separate occasions while on pretrial release. Even if these positive tests were based on Hacker's addiction to marijuana, they support the district court's decision to deny him the acceptance-of-responsibility adjustment.[2]

Finally, because the misdemeanor conviction resulted in a 60-day sentence of imprisonment and one year of probation, the district court did not err in applying it to a determination of Hacker's criminal history score. Indeed, Hacker's conviction for driving without insurance is "similar" to "[d]riving without a

---

[1] *See United States v. Mir*, 919 F.2d 940, 943 (5th Cir. 1990).

[2] *See United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996); *United States v. Rickett*, 89 F.3d 224, 227-28 (5th Cir. 1996).

license," for purposes of U.S.S.G. § 4A1.2(c)(1).[3] In light of the preceding, Hacker's conviction and sentence are AFFIRMED.

AFFIRMED.

---

[3] *See United States v. Moore*, 997 F.2d 30, 34 (5th Cir. 1993); *United States v. Hardeman*, 933 F.2d 278 (5th Cir. 1991).