IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10349
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LA-DON MCKENZIE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CR-98-ALL
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kevin La-Don McKenzie appeals the sentence imposed following his guilty-plea conviction for possession of cocaine with intent to manufacture cocaine base. McKenzie argues that the district court erred by denying him a three-level downward adjustment in his offense level for acceptance of responsibility. See U.S.S.G. § 3E1.1.

The defendant bears the burden of demonstrating that he is entitled to the offense level reduction. See United States v. Flucas, 99 F.3d 177, 180 (5th Cir. 1996). "The entry of a guilty

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea prior to the commencement of trial is significant evidence of acceptance of responsibility but does not entitle the defendant to a reduction as a matter of right." United States v. Rickett, 89 F.3d 224, 227 (5th Cir. 1996); U.S.S.G. § 3E1.1, comment. (n.3). In determining whether a defendant has accepted responsibility for his crime, the district court should consider whether the defendant has voluntarily terminated or withdrawn from criminal conduct or associations. See Flucas, 99 F.3d at 180; U.S.S.G. § 3E1.1, comment. (n.1(b)).

A very deferential standard of review is applied to a district court's refusal to credit a defendant's acceptance of responsibility. See Rickett, 89 F.3d at 227. Although McKenzie timely admitted his guilt, the district court did not err in determining that McKenzie was not entitled to the downward adjustment because McKenzie failed to withdraw from criminal conduct while he was being detained pending sentencing. McKenzie's pre-sentence report revealed that during a shakedown of McKenzie's cell, marijuana was found concealed in a hair care container filled with lotion. In view of the evidence adduced at the sentencing hearing, the district court's determination that McKenzie was in possession of the marijuana was not erroneous. The judgment of the district court is AFFIRMED.