IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40595
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ARTURO DE LA GARZA, JR.,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-776-1
--------------------
February 13, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Arturo De La Garza, Jr. appeals his conviction and sentence for importation of marihuana in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(4) and 18 U.S.C. § 2.  De La Garza pleaded guilty pursuant to an oral plea agreement.

     De La Garza argues that the district court abdicated its authority by deferring to the prosecutor to decide whether he should receive an adjustment for acceptance of responsibility.

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Since De La Garza used cocaine while he was on bond prior to sentencing, he did not clearly demonstrate acceptance of responsibility for his offense.  See U.S.S.G. § 3E1.1, comment. (n.1(b)); see also United States v. Rickett, 89 F.3d 224, 227 (5th Cir. 1996).

De La Garza has taken the district court's statement that it would "leave that [decision] up to the Government" out of context.  The transcript of the sentencing hearing reveals that the district court had decided against the adjustment based on De La Garza's cocaine use.  The lower court stated that it would grant the adjustment if the Government recommended the reduction.  The district court simply expressed a willingness to be swayed by comments that it is required to solicit from the parties at the sentencing hearing about the appropriate sentence.  FED. R. CRIM. P. 32(c)(1).  De La Garza has not demonstrated error, plain or otherwise.  See United States v. Alarcon, 261 F.3d 416, 423 (5th Cir. 2001).

De La Garza also argues that 21 U.S.C. §§ 952 and 960 are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  De La Garza acknowledges that his argument is foreclosed by this court's decision in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), but he raises the issue only to preserve it for review in the Supreme Court.  Slaughter applies by analogy to the instant case because the statutes at issue are similar in structure and content.  A panel of this court cannot

overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the Supreme Court.  <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 466 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.