United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40286
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NICKIE ANGELO BATTEN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-134-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

     Nickie Angelo Batten appeals the sentence imposed following

his guilty-plea conviction for being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g).  Specifically, he

challenges the district court's denial of a three-point reduction

for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.

Batten argues that he pleaded guilty in a timely manner,

truthfully admitted all offense conduct and relevant conduct, and

has shown remorse for his conduct.  He urges that denial of the

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acceptance-of-responsibility reduction should not have been based upon his alleged marijuana possession since that conduct predated his plea and has not resulted in any additional criminal charges.

The district court did not err in denying acceptance of responsibility based on Batten's pre-plea conduct indicating continuing criminal behavior, specifically, his possession of marijuana pending trial. See United States v. Flucas, 99 F.3d 177, 180 (5th Cir. 1996); United States v. Rickett, 89 F.3d 224, 227 (5th Cir. 1996); see also United States v. Watkins, 911 F.2d 983, 984-85 (5th Cir. 1990). Batten acknowledges these cases but urges the court to revisit them, citing cases from the Ninth Circuit, which he contends show that the denial of acceptance of responsibility is more appropriate when the defendant engages in criminal conduct after pleading guilty. However, no panel of this court may overrule the decision of a prior panel in the absence of en banc reconsideration or a superseding Supreme Court decision. United States v. Lipscomb, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

The facts contained in the presentence report and adduced at sentencing establish that Batten possessed marijuana in his jail cell while he awaited trial. There is no evidence to support Batten's contention that the marijuana was not his. The district court's denial of acceptance of responsibility was not error. See United States v. Chapa-Garza, 62 F.3d 118, 122 (5th Cir.

1995); <u>see</u> <u>also</u> <u>Flucas</u>, 99 F.3d at 180; <u>Rickett</u>, 89 F.3d at 227; <u>Watkins</u>, 911 F.2d at 984.

In a letter filed pursuant to FED. R. APP. P. 28(j), Batten argues that the district court's imposition of sentencing enhancements under § 2K2.1(b)(1)(A) and (b)(4) violated <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). This issue is foreclosed by <u>United States v. Pineiro</u>, 377 F.3d 464, 466 (5th Cir. 2004), <u>petition for cert. filed</u> (U.S. July 14, 2004) (No. 04-5263).

The district court's judgment is AFFIRMED.