**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 28, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-40286
_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

                    versus

NICKIE ANGELO BATTEN,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas, Beaumont
USDC No. 1:03-CR-134-ALL

_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JONES, Chief Judge, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[1]

    This court affirmed Nickie Angelo Batten's conviction and sentence. United States v. Batten, 112 Fed. Appx. 345 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Batten v. United States, 543 U.S. 1182 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

_____

    [1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his supplemental brief, Batten argues that the district court erred by sentencing him under a mandatory sentencing guidelines range greater than the range authorized solely by his own admissions, based upon the district court's findings made by only a preponderance of the evidence.[2]  Batten concedes that he did not raise a <u>Booker</u> claim on direct appeal, but instead did so for the first time in his petition for writ of certiorari.  This court has held that, in the absence of extraordinary circumstances, the court will not consider <u>Booker</u>-related arguments raised for the first time in a petition for a writ of certiorari.  <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

Because Batten did not raise his <u>Booker</u>-related arguments in the district court, we would have reviewed them for plain error had he raised them for the first time on direct appeal.  <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir.), <u>cert. denied</u>, 126 S.Ct. 43 (2005).  Under the plain error standard, we may correct an error in Batten's sentence only if he demonstrates that "there is (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met an appellate court may then exercise its

---

[2]Batten acknowledges that the following contentions are foreclosed by our precedent, but raises them to preserve them for further review by the Supreme Court:  (1) that the <u>Booker</u> error was structural or presumptively prejudicial; (2) that this court's interpretation of the burden of proof required to prove sentencing enhancements is incorrect; and (3) that this court should follow other circuits that have decided to remand all cases for resentencing regardless of whether <u>Booker</u> error was preserved in the district court.

discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal citations and quotation marks omitted). The first two prongs are satisfied here, because Batten was sentenced pursuant to a mandatory sentencing guidelines range based on facts found by the judge but not admitted by him. See United States v. Creech, 408 F.3d 264, 271-72 (5th Cir. 2005).

To satisfy the third prong of the plain error test, Batten must show, "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." United States v. Infante, 404 F.3d 376, 394-95 (5th Cir. 2005). Although Batten argues that the record in this case shows at least a reasonable probability that, but for the error, the outcome of the sentencing would have been different, he concedes that the record contains no statements by the district court reflecting an inclination to impose a lesser sentence if the case were remanded.

Because Batten has not shown plain error, he cannot satisfy "the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari". Taylor, 409 F.3d at 677.

For the foregoing reasons, we conclude that nothing in the Supreme Court's Booker decision requires us to change our prior

3

affirmance in this case.  We therefore reinstate our judgment affirming Batten's conviction and sentence.

JUDGMENT REINSTATED.

4