# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10558
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KI ROSHUN CROWDER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-163-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ki Roshun Crowder pleaded guilty to a superseding information charging him with one count of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Based on his post-arrest statements, the revised presentence report (PSR) calculated a total drug quantity of 423.7 ounces, or 12.01 kilograms, of heroin. Using the 2013 Guidelines Manual, the revised PSR assigned him a total offense level of 39 and a Criminal History Category

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of III, which yielded a guidelines range of imprisonment of 324 months to 405 months. However, because the statutory maximum sentence of 20 years, *see* § 841(b)(1)(C), was less than the minimum of the guidelines range, the guidelines sentence was 240 months. *See* U.S.S.G. § 5G1.1(a). Crowder now appeals his sentence. He contends that the district court failed to exclude from its calculation of total drug quantity those drugs that were intended for personal use. He also asserts that the district court overstated the total drug quantity because, in the Fort Worth area, an "ounce" of heroin is actually 25 grams, as opposed to the proper metric measure, 28.35 grams.

At sentencing, Crowder presented no evidence related to his purported personal use of heroin to refute the PSR's statement that the total quantity of heroin involved was 12.01 kilograms. Likewise, he provided no estimate at sentencing as to the amount of heroin intended for personal use. The PSR's estimate of total drug quantity intended for distribution was based on Crowder's own post-arrest statements. Where, as here, the defendant presents no evidence to refute the facts to which he objects, the facts contained in the PSR may be adopted by the district court without further inquiry, as long as they have an adequate evidentiary basis. *United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998). Based on the foregoing, we conclude that the district court did not err, much less clearly err, in adopting the PSR's position that the total drug quantity attributable to Crowder involved an estimated 12.01 kilograms of heroin. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

As to Crowder's next argument, we note that, by his own estimates, even if his drug quantity total is calculated such that an "ounce" of heroin is only 25 grams, it would reduce the amount involved in the offense conduct to only 10.59 kilograms. This results in a base offense level of 36, which is no different than

No. 14-10558

the base offense level for 12.01 kilograms of heroin.  *See* U.S.S.G. § 2D1.1. Accordingly, we need not reach the merits of Crowder's argument.  Assuming, arguendo, that the district court erred, any error was harmless, or did not affect his substantial rights, because the record demonstrates that the district court would have imposed the same sentence in the absence of any error due to the operation of the statutory maximum.  *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009); *see also* § 841(b)(1)(C); § 5G1.1(a).

    AFFIRMED.