# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10748
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LAURA PEARCE,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-244-2

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 2015, Laura Pearce pleaded guilty to possession, with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Her pre-sentence investigation report (PSR), with an addendum in response to Pearce's objections to the PSR, discussed below, recommended, *inter alia*:  she was responsible for 597.7 grams of methamphetamine actual; and, she was ineligible for an acceptance-of-responsibility reduction under the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

advisory Sentencing Guidelines, due to her pre-trial release violations and statements minimizing her conduct.

Pearce objected to the PSR, contending, *inter alia*:  she was responsible only for 30.7 grams of methamphetamine; and, she should have received a three-level reduction for acceptance of responsibility.  At sentencing, at which Pearce, among others, testified, the court:  overruled Pearce's objections; adopted the PSR in part; and found her base-offense level was 34 and her criminal history category was I, resulting in an advisory Guidelines sentencing range of 151 to 188 months' imprisonment.  The court sentenced Pearce to a within-Guidelines term of 169 months.  In challenging that sentence, Pearce asserts:  the court wrongfully denied her a reduction for acceptance of responsibility; it erred in its drug-quantity calculation; and, her sentence is substantively unreasonable because she should have received probation.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

A denial of an acceptance-of-responsibility reduction, however, will be affirmed "unless it is without foundation, a standard of review more deferential than the clearly erroneous standard".  *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks omitted).  A defendant's attempt to minimize conduct, or false denial of relevant conduct, provides such

a foundation. *See United States v. Cabrera*, 288 F.3d 163, 176–77 (5th Cir. 2002). Pearce insisted the methamphetamine she possessed was for personal use, and denied distributing it to others. Moreover, her violation of her pre-trial-release terms justified denying credit for acceptance of responsibility. *See, e.g.*, *United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996). Accordingly, Pearce fails to show error. *See Juarez-Duarte*, 513 F.3d at 211.

A court's drug-quantity calculation is a factual finding, reviewed for clear error. *See United States v. Betancourt*, 422 F.3d 240, 244–45 (5th Cir. 2005). Although she objected to the PSR's drug-quantity calculation in district court, Pearce failed to present any rebuttal evidence; therefore, the court was free to adopt the PSR's factual recitation. *United States v. Mir*, 919 F.2d 940, 943 (5th Cir. 1990). Accordingly, Pearce cannot show the court's finding she was responsible for 597.7 grams of methamphetamine was not "plausible in light of the record read as a whole". *Betancourt*, 422 F.3d at 245.

Pearce's assertion she should have received probation is without merit. The Guidelines permit probation when the applicable sentencing range falls within Zone A or B of the sentencing table. *See* U.S.S.G. § 5B1.1, cmt. n.2. Pearce's range, however, falls within Zone D; therefore, she is ineligible for probation.

To the extent she challenges the substantive reasonableness of her sentence, her contention is reviewed for plain error due to her failure to make such an objection in district court. *Puckett v. United States*, 556 U.S. 129, 134–35 (2009). In that regard, Pearce must show a forfeited plain (clear or obvious) error that affected her substantial rights. *Id.* at 135. If she does so, this court has discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

No. 15-10748

Pearce's within-Guidelines sentence is entitled to a presumption of reasonableness. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* Pearce fails to make such a showing, and, therefore, cannot establish the requisite clear-or-obvious error.

AFFIRMED.