# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30552
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIELLE COLLINS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CR-125-7

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Danielle Collins appeals the 188-month sentence imposed following his conviction for conspiracy to distribute methamphetamine. He asserts that the district court erred in denying a reduction in his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. We review the denial of a reduction for acceptance of responsibility with greater deference than clear error review and will not reverse unless the district court's decision was without foundation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30552

*See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008); *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007).

The presentence report (PSR) recommended against a § 3E1.1 reduction on the basis that Collins was arrested and charged with a new criminal offense after pleading guilty in this case.  Collins failed to rebut the facts in the PSR, and the district court properly relied on the undisputed finding as to Collins's post-plea criminal conduct.  *See United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

In light of that finding, the district court did not err in denying Collins a reduction under § 3E1.1.  Section 3E1.1 provides that a district court deciding whether to grant a reduction should consider as a factor whether the defendant voluntarily ended or withdrew from criminal conduct, even if the conduct is not related to the offense of conviction.  § 3E1.1, comment. (n.1(B)) (2015); *United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996); *United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990).  Because the uncontested record reflected that Collins did not withdraw from criminal conduct, the district court's refusal to award a reduction under § 3E1.1 was not without foundation.  *See Juarez-Duarte*, 513 F.3d at 211.  Finally, to the extent Collins's plea agreement obligated the Government to move for a § 3E1.1 reduction, Collins's appellate brief fails adequately to argue that the Government breached the agreement.  Collins thereby waived that argument. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).

AFFIRMED.