# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 24, 2019

Lyle W. Cayce
Clerk

No. 18-10652
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEXANDER LEE SALAZAR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-265-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alexander Lee Salazar appeals his 220-month sentence imposed following his guilty plea to possession with intent to distribute a controlled substance. Salazar argues that the district court clearly erred in failing to reduce his offense level for a mitigating role in the criminal activity. "Whether [a defendant] was a minor or minimal participant" under U.S.S.G. § 3B1.2 "is a factual determination that [this court] review[s] for clear error." *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10652

*States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (internal quotation marks and citation omitted).  "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* (internal quotation marks and citation omitted).  The defendant has the burden of demonstrating his entitlement to a minor or minimal role adjustment.  *United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016).

The evidence in the record reflects that Salazar admitted that on four occasions he illegally transported significant amounts of methamphetamine into different areas of the United States for distribution.  The evidence also showed that he intended to continue to engage in the activity and that he would be obtaining methamphetamine from the initial source of the drugs.  While Salazar may not have been an organizer or a decisionmaker with respect to the criminal activity, based on the totality of the circumstances, the district court's determination that Salazar failed to demonstrate that he was entitled to a reduction of his offense level for a mitigating role was plausible and did not constitute clear error.  *See* U.S.S.G. § 3B1.2, comment. (n.3(C)); *United States v. Bello-Sanchez*, 872 F.3d 260, 264-65 (5th Cir. 2017); *Gomez-Valle*, 828 F.3d at 327.

Next, Salazar argues that the district court clearly erred in failing to reduce his offense level for the acceptance of responsibility.  He contends that he pleaded guilty in a timely manner, he did not falsely deny relevant conduct, and he provided compelling explanations for most of his violations of his pretrial release.

The district court's decision to deny a reduction for acceptance of responsibility will be affirmed "unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks

and citation omitted).  While entering a guilty plea and truthfully admitting criminal conduct "constitute significant evidence of acceptance of responsibility," such "evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."  U.S.S.G. § 3E1.1, comment. (n.3). "The district court may properly deny a reduction for acceptance of responsibility for failure to refrain from criminal conduct while on pretrial release." *United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996).

Salazar tested positive for the use of methamphetamine in violation of the conditions of his pretrial release.  The district court's decision to deny Salazar a reduction of his offense level for the acceptance of responsibility was not without foundation and was not clear error.  *See Juarez-Duarte*, 513 F.3d at 211.  Salazar's sentence is AFFIRMED.