# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2020

Lyle W. Cayce
Clerk

No. 19-40793

United States of America,

*Plaintiff—Appellee*,

*versus*

Roman Valdez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-1346-1

Before Barksdale, Elrod, and Ho, *Circuit Judges*.

Per Curiam:*

Solely at issue is whether a defendant convicted for possession of, with intent to distribute, a controlled substance, in violation of 21 U.S.C. § 841, is entitled, for sentencing purposes, to have any drugs intended for personal use excluded from the drug-quantity calculation. Because Valdez did not present

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40793

evidence regarding the quantity of drugs he asserts were for personal use, we do not reach the issue.  AFFIRMED.

I.

Two police officers noticed Valdez' vehicle stopped at a green light and found him—apparently asleep or passed out—in the driver's seat.  The officers noticed the vehicle smelled like drugs and saw:  a cigarillo on Valdez' chest (the officers testified at trial that cigarillos are often filled with synthetic cannabinoids); a pill bottle in the center-console cup holder; and a large, open bag containing green leafy substances, which the officers believed to be synthetic cannabinoids.  After handcuffing Valdez and removing him from his vehicle, the officers searched it and discovered marihuana, synthetic cannabinoids, heroin, cocaine, pills, and two firearms.  A jury convicted Valdez of:  possession, with intent to distribute, less than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count one); and using or carrying a firearm during, and in relation to, a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count two).

Valdez' presentence investigation report (PSR) recommended his being "accountable for all of the narcotics seized and the amounts supported by evidence to be negotiated for s[ale]", resulting in a converted drug weight of 32.85 kilograms of synthetic cannabinoids, heroin, cocaine, and cocaine base.  The PSR, *inter alia*, detailed Valdez' admissions regarding substance abuse.  For count one (drug-trafficking), the recommended advisory Sentencing Guidelines sentencing range was 27- to 33-months' imprisonment.  For count two (firearm connected to drug-trafficking), Valdez was required, in addition to his drug-trafficking-offense sentence, to "be sentenced to a [consecutive] term of imprisonment of not less than 5 years".  18 U.S.C. § 924(c)(1)(A)(i).

In his written objection to the PSR's drug-quantity calculation, Valdez asserted: "the total amounts of the different controlled substances found in the vehicle . . . should not be included in the calculation" because, *inter alia*, some of the drugs were intended for personal use, not for distribution. Following the objection's being addressed at sentencing, but without any evidence being presented in support of it, the court overruled the objection without elaboration. Valdez sought a downward variance from his advisory Guidelines sentencing range for count one, which the court granted in the light of his extensive substance-abuse issues. The court then sentenced Valdez to a below-Guidelines term of 12-months' imprisonment on count one and a consecutive term of 60-months' imprisonment on count two, resulting in Valdez' aggregate sentence of, *inter alia*, 72-months' imprisonment.

## II.

Regarding Valdez' challenge to the denial of his personal-use objection, and although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The determination of the drug quantity for sentencing purposes is a factual finding, resulting in review for clear error. *E.g.*, *United States v. Dinh*, 920 F.3d 307, 310 (5th Cir. 2019) (citations omitted). And a district court

"need only determine its factual findings at sentencing by a preponderance of the relevant and sufficiently reliable evidence". *Id.* (citations omitted). "A factual finding is not clearly erroneous as long as it is plausible in [the] light of the record read as a whole." *Id.* (citation omitted).

The drug-quantity determination is "based on the amount of drugs involved in the offense". *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009) (citing U.S.S.G. § 2D1.1). A district court may adopt a PSR's drug-quantity determination "without further inquiry *if* [the facts presented in the PSR] have an adequate evidentiary basis with sufficient indicia of reliability *and* the defendant does not present rebuttal evidence". *Dinh*, 920 F.3d at 313 (emphasis in original) (citations omitted).

The requisite adequate evidentiary basis with sufficient indicia of reliability supported the PSR's finding that all of the drugs found in the vehicle were involved in the drug-trafficking offense for which Valdez was convicted: possession, with intent to distribute. Along with the drugs and firearms found in Valdez' vehicle, the officers found a small scale, which can be used to measure drugs, and several cell phones. Some of the drugs were placed in small, individual bags, which are often used for selling drugs. Additionally, an agent with the Drug Enforcement Agency testified at trial that: Valdez was a member of Facebook groups "known to sell narcotics"; and he posted messages offering to sell various types of drugs, including those found in his vehicle.

Although Valdez objected to the PSR's drug-quantity calculation, "[m]ere objections do not suffice as competent rebuttal evidence". *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013) (citations omitted). In his written objection, Valdez asserted there was "no evidence that all the controlled substances found in the vehicle were possessed with the intent to distribute"; as noted, he presented no rebuttal evidence, however, pertaining

to specific amounts of drugs allegedly intended for personal use.  Instead, he contended in that objection:  because he was a heavy drug user, who used cocaine and synthetic  cannabinoids on a daily basis and was found to be under the influence of some of the drugs present in his vehicle when he was arrested, it was "more likely than not that *some* quantity of each of the drugs found in his vehicle were intended to be used for future personal consumption".  (Emphasis added.)

But, as discussed, Valdez did not present rebuttal evidence for which drugs or what amount should have been excluded from the drug-quantity calculation.  Because he did not do so, the district court did not clearly err in adopting the PSR's drug-quantity finding.  *See, e.g.*, *United States v. Pearce*, 655 F. App'x 216, 218 (5th Cir. 2016); *United States v. Crowder*, 591 F. App'x 269, 269–70 (5th Cir. 2015); *United States v. Rangel*, 108 F. App'x 162, 165–66 (5th Cir. 2004).

## III.

For the foregoing reasons, the judgment is AFFIRMED.