# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2021

Lyle W. Cayce
Clerk

No. 20-10503
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Felipe Chavez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-362-16

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Felipe Chavez pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. The district court sentenced Chavez to 188 months of imprisonment, which was the low end of the guidelines range.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10503

In his sole issue on appeal, Chavez argues that the district court erred by denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. He argues that a reduction was warranted because he admitted that the factual resume was true and took responsibility for the charged criminal conduct. While recognizing that Chavez admitted his guilt, the presentence report (PSR) recommended against acceptance of responsibility on the ground that Chavez violated the conditions of pretrial release by submitting eight urine specimens that tested positive for marijuana and then denying any drug usage.

There was neither a factual nor legal problem with the district court's refusal to award Chavez a reduction for acceptance of responsibility. Chavez argues that, aside from "hearsay," no evidence supported the PSR's conclusion that he tested positive for drug use while on pretrial release. But the district court was entitled to rely on the unrebutted facts in the PSR detailing Chavez's positive drug tests. *United States v. Cabrera*, 288 F.3d 163, 173–74 (5th Cir. 2002). Hearsay is allowed during sentencing proceedings, so long as the evidence is reliable. *United States v. West*, 58 F.3d 133, 138 (5th Cir. 1995). Chavez identifies no reason why the results of multiple drug tests, conduct under the auspices of the court's pretrial services office, are not reliable.

Chavez's repeated drug use while on pretrial release allowed the district court to deny a reduction for acceptance of responsibility. Although a guilty plea is "significant evidence" of a defendant's acceptance of responsibility, it does not automatically entitle the defendant to a reduction. U.S.S.G. § 3E1.1, comment. (n.3). We have consistently upheld the denial of a reduction for acceptance of responsibility based on the defendant's failure to refrain from criminal conduct while on pretrial release. *See United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996).

No. 20-10503

The district court's judgment is AFFIRMED.