**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

NO. 96-20989
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

VERSUS

RICHARD E. SOMNER

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

October 28, 1997

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:

**I.**

In the Fall of 1991, Appellant Somner seduced his minor neighbor ("Jane Doe"), and by June, 1992, began having sexual intercourse with her. She was only thirteen (13) years old. Somner got her pregnant, and on August 8, 1992, when it appeared that the police were closing in, Somner convinced her to leave the state with him.[1] They left together in Somner's vehicle early on the morning of August 9, 1992, and traveled to Oklahoma City. From

---

[1]The police were alerted to the fact that Somner might be molesting Jane Doe via a tip from Somner's ex-wife, Becky, who found several love letters written to Somner by Jane Doe.

1

there they drifted to Wisconsin, Oregon, Washington, Ohio, Georgia, Tennessee, Florida, Texas, and finally Arizona. During that time Jane Doe gave birth to two children fathered by Somner. After they moved to Kingman, Arizona, in April, 1995, Jane Doe noticed Somner hugging, kissing and fondling two young girls (10 and 12 years of age), who lived next door. Shortly thereafter, Somner was apprehended in December 14, 1995, after over three years in hiding, thanks to an FBI trace of a phone call made to Becky Somner's home.

## II.

On June 3, 1996, Somner plead guilty on a two-count information charging him with, Count One, interstate transportation of a minor with the intent that the minor engage in illegal sexual activities with the defendant, in violation of 18 U.S.C. § 2423(a), and, Count Two, travel in interstate commerce with the intent that he engage in illegal sexual contact with a minor, in violation of 18 U.S.C. § 2423(b). The district court sentenced Somner to the statutory maximum of 120 months and three (3) years supervised release. Somner was also convicted in Texas state court on seven counts arising out of his conduct with Jane Doe in Texas.

The district court calculated Somner's base level under the Sentencing Guidelines as sixteen (16). The district court then added the following enhancements:

1) Four (4) levels under U.S.S.G § 2G1.2(b)(1)("coercion enhancement"), which allows a four (4) level increase "[i]f the offense involved the use of physical force, or coercion by threat or drugs or in any manner ...;"

**2**

2)    Two   (2)   levels   under   U.S.S.G.   §   2G1.2(b)(3)("age enhancement"), which allows a two (2) level increase if the victim is a minor "at least twelve years of age but under the age of sixteen ...;"

3)    Two (2) levels under U.S.S.G. § 3A1.1(b)("vulnerable victim enhancement"), which allows a two (2) level increase "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct ..."  The district court was clear that this increase was made for reasons other than Jane Doe's age, thereby avoiding any double-enhancement under U.S.S.G. §§ 2G1.2(b)(3) and 3A1.1(b).  In particular, the evidence indicated that Jane Doe had experienced some family problems, which Somner siezed upon as an opportunity to become her confidant, later convincing her that she had been molested by her father.  Jane Doe's natural response was to see Somner as her protector.  All of this made her unusually vulnerable to Somner's sexual opportunism.  In other words, Somner saw a weakness in Jane Doe's relationship with her parents, which made her more vulnerable than others her age, and he exploited it;

4)    Two   (2)   levels   under   U.S.S.G.   §   3C1.1   ("obstruction enhancement"), which allows a two (2) level increase "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense ...;"

5)    Two (2) levels under U.S.S.G. § 3C1.2, which allows a two (2)

3

level increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer ..." The district court then subtracted three (3) levels under U.S.S.G. § 3E1.1, because Somner had accepted responsibility for his actions and fully allocuted to all the facts surrounding the three-year abduction.

Therefore, Somner's point total stood at twenty-five (25), which equates to a sentencing range from 84 to 105 months. 9 U.S.C. § 5A (Table). However, the district court granted the government's motion for an upward departure, and added two (2) levels, which increased the range from 100 to 125 months, and the district court imposed a sentence of 120 months.

In calculating Somner's criminal history point total, the district court aggregated Somner's seven (7) Texas state convictions but refused to combine them with the federal conviction. The result of the district court's refusal to combine the Texas and federal convictions was the addition of three (3) points to Somner's criminal history total under U.S.S.G. § 4A1.1(a), which allows a three (3) point increase for each prior sentence of imprisonment exceeding one year and one month, plus another three (3) points under U.S.S.G. § 4A1.1(f) for crimes of violence. *See U.S. v. Kirk*, 111 F.3d 390, 393-96 (5th Cir. 1997)(discussing whether certain Texas sex-offenses are crimes of violence under the guidelines).

On this appeal, Somner challenges the district court's

application of: the coercion enhancement under U.S.S.G. § 2G1.2(b)(1); the vulnerable victim enhancement under U.S.S.G. § 3A1.1(b); and, the obstruction of justice enhancement under U.S.S.G. § 3C1.1 (Numbers 1, 3 and 4, above). Somner also challenges the upward departure and the district court's calculation of his criminal history point total.

### III.

Before we reach the merits of Somner's appeal, there is the matter of the "appeal waiver" contained in Somner's plea agreement. The waiver contains the following language:

> The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding that, the defendant agrees to voluntarily waive the right to appeal ... the sentence or the manner in which it was determined ... However, the defendant may appeal a sentence: ... (b) that includes an upward departure from the Sentencing Guidelines, which upward departure had not been requested by the United States Attorneys Office or (c) <u>that includes or is based on a material and unlawful misapplication of the Sentencing Guidelines by the Court</u>.

Somner did knowingly and voluntarily sign the plea agreement to the extent that is possible. *See U.S. v. Melancon*, 972 F.2d 566, 571 (5th Cir. 1992)(Parker, District Judge, concurring specially)(expressing reservations about whether a presentence waiver can knowingly and voluntarily waive the right to appeal the sentence). Therefore, the appeal waiver is binding. *U.S. v. Price*, 95 F.3d 364, 369 (5th Cir. 1996), *citing U.S. v. Melancon*, 972 F.2d 566 (5th Cir. 1992).

The waiver effectively bars Somner's challenge to the district court's upward departure, because the departure was requested by

the government.  Since exception (b) in the waiver allows appeals of upward departures not requested by the government, the negative implication is that upward departures which are requested by the government are still subject to the waiver.  However, the scope of exception (c) to the appeal waiver is so broad that a significant question exists whether the other issues raised by this appeal have actually been foreclosed.

The waiver must be construed against the government.[2] *U.S. v. Rosa*, 1997 WL 469962 (2nd Cir. (N.Y.)), *citing U.S. v. Ready*, 82 F.3d 551, 556 (2d Cir. 1996); *U.S. v. Tayman*, 885 F. Supp.832, 835 (E.D. Va. 1995), *citing U.S. v. Harvey*, 791 F.2d 294, 300 (4th Cir.1986).  Consequently, there is no basis for a restrictive reading of the waiver, and therefore, exception (c) has largely swallowed the waiver.  Read literally, the waiver would not foreclose review of the issues of enhancement or criminal history calculation under the guidelines, since those errors involve a possibly "material and unlawful misapplication of the Sentencing Guidelines".  There can be little doubt that those errors pertain to the application of the Sentencing Guidelines by the district court to the peculiar facts of this case.  It may be argued that the misapplications of the Sentencing Guidelines in this case are not material, because the district court intended to depart from the guidelines and impose the maximum sentence, regardless of how the math came out.  However, if the guidelines had been applied as

---

[2]Interestingly enough, the government agrees that, with the exception of the departure issue, the sentencing issues encompass claims of unlawful misapplication of the guidelines and are appealable.

Somner insists, then the district court might not have been able to justify the even greater departure necessary to reach the maximum. Therefore, we conclude that the appeal waiver forecloses review of the upward departure issue only.

**IV.**

The district court's enhancements under U.S.S.G. §§ 2G1.2(b)(1)("coercion"), 3A1.1(b)("vulnerable victim") and 3C1.1 ("obstruction") are reviewed for clear error. *U.S. v. Campbell*, 49 F.3d 1079, 1085 (5th Cir. 1995), *cert. denied*, ___ U.S. ___, 116 S. Ct. 201, 133 L. Ed. 2d 135 (1995)(district court factual finding that offense was committed by use of coercion is reviewed for clear error); *U.S. v. Robinson*, 119 F.3d 1205, 1218 (5th Cir. 1997)(district court finding of unusual vulnerability reviewed for clear error)(citing cases); *U.S. v. Rickett*, 89 F.3d 224, 226 (5th Cir. 1996), *cert denied*, ___ U.S. ___, 117 S. Ct. 499, 136 L. Ed. 2d 391 (1996)(district court finding that defendant obstructed justice reviewed for clear error). The district court's determination that Somner's Texas and federal convictions did not arise out of a common scheme or plan, such that they should combined for calculation of Somner's criminal history total, is reviewed for clear error. *U.S. v. Vital*, 68 F.3d 114, 118 (5th Cir. 1995). The district court's determination that the Texas and federal cases were not related within the meaning of U.S.S.G. § 4A1.2(a)(2) is viewed as an application of the guidelines subject to *de novo* review. *U.S. v. Garcia*, 962 F.2d 479, 481 (5th Cir. 1992), *cert denied*, 506 U.S. 902, 113 S. Ct. 293, 121 L. Ed. 2d 217

(1992).

Our review of the record reveals no clear error by the district court in its application of U.S.S.G. §§ 2G1.2(b)(1), 3A1.1(b) and 3C1.1.  Likewise, the record reveals no error by the district court in its determination that the Texas and federal offenses were not committed as part of a common scheme or plan or otherwise related within the meaning of U.S.S.G. § 4A1.2(a)(2), such that they should be considered a single offense.  Therefore, we affirm.

AFFIRM.


ENDRECORD

JOLLY, Circuit Judge, concurring specially:

I write separately only to emphasize that the government conceded that all but one of the issues raised in this appeal fell within an express exception to the waiver provision in Somner's plea agreement. It is not clear what the government hoped to accomplish with this somewhat ambiguous waiver. When considered as a whole, the waiver is capable of more than one interpretation. It would be a mistake, however, to read the court's opinion to suggest that a defendant may not expressly waive his right to appeal any and all issues. The established law of this circuit provides that a defendant may, by knowingly and voluntarily entering into a valid plea agreement, waive the statutory right to appeal his sentence-- period. See United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992).