**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-40863

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NICHOLAS BURNETT PARSON, also known as Nick,

Defendant - Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CR-49-1)

January 20, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Nicholas Burnett Parson appeals his sentence, following a guilty plea, for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Parson's contention that the district court was not authorized to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

impose a two-level Sentencing Guideline enhancement for obstruction of justice under U.S.S.G. § 3C1.1 in addition to a two-level enhancement for reckless endangerment under § 3C1.2 is without legal support. *See United States v. Somner*, 127 F.3d 405, 407-08 (5th Cir. 1997) (affirming sentence that included a two-level enhancement under § 3C1.1 and a two-level enhancement under § 3C1.2); U.S.S.G. § 3C1.2, comment. (n.1); U.S.S.G. § 1B1.1, comment. (n.4); U.S.S.G. App. C, Amendment 347. Furthermore, the district court did not clearly err in determining that each of the two-level enhancements was factually supported. *See United States v. Lugman*, 130 F.3d 113, 115 (5th Cir. 1997); *United States v. Upton*, 91 F.3d 677, 687 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 1818 (1997).

AFFIRMED.