IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41200
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO RAMIREZ-PELAYO,
also known as Edwin Santana,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-213-1
--------------------
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sergio Ramirez-Pelayo (Ramirez) appeals his guilty-plea conviction for possession with intent to distribute marijuana. He argues that the district court erred by increasing his offense level by two pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2D1.1 for possession of a firearm. He additionally argues that his sentence violated his due process and equal protection rights because the U.S.S.G. failed to implement Congress' mandate to avoid unwarranted sentencing disparities among co-conspirators.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plea agreement provides that the appeal waiver does not affect Ramirez's right to appeal an "illegal sentence" as set forth under 18 U.S.C. § 3742(a). The parties disagree as to who is responsible for providing the guilty plea transcript for our verification that this agreement was voluntarily made. However, we construe ambiguities in the waiver against the Government. See United States v. Somner, 127 F.3d 405, 408 (5th Cir. 1997). As the issues raised on appeal arguably are within the ambit of § 3742(a), provisions excepted by the agreement, the appeal-waiver provision does not foreclose a challenge to Ramirez's sentence. The Government's motions to dismiss the appeal and to supplement the record are DENIED.

The PSR noted that one of the firearms found in the residence located at 1109 E. Polk Street, Harlingen, Texas, was found in "a closet inside a room being used by Sergio Ramirez-Pelayo." The PSR further reflects that Ramirez's only purpose for being in Texas was the purchase of marijuana with counterfeit money. Ramirez offered no evidence at the sentencing hearing to rebut the findings in the PSR. The district court was thus free to adopt the factual findings in the PSR without further inquiry, and its finding was not clearly erroneous. See United States v. Mir, 919 F.2d 940, 943 (5th Cir. 1990); United States v. Devine, 934 F.2d 1325, 1339 (5th Cir. 1991).

For the first time on appeal, Ramirez argues that his sentence violated his due process and equal protection rights because the U.S.S.G. failed to implement Congress' mandate to avoid unwarranted sentencing disparities among co-conspirators.

Because Ramirez did not raise this argument before the district court, our review is limited to plain error. See United States v. Dupre, 117 F.3d 810, 816-17 (5th Cir. 1997), cert. denied, 118 S. Ct. 857 (1998).

Although Ramirez originally argued that his sentence is unfair because of the unwarranted disparity between his sentence and that of his co-conspirator, his reply brief states that his argument is not based upon the actual disparity between his sentence and that of his co-conspirator, but "on the argument that the Sentencing Commission failed to follow Congress' mandate." Neither basis for this argument provides Ramirez with relief, however, as defendants have no general constitutional right against sentencing disparities. See Williams v. Illinois, 399 U.S. 235, 243 (1970); see also United States v. Goldfaden, 959 F.2d 1324, 1331-32 (5th Cir. 1992) (district courts are under no duty to consider the sentences imposed on other defendants when imposing sentence). Thus, Ramirez has not demonstrated error, plain or otherwise, with respect to his disparity-in-sentencing argument.

AFFIRMED; Government's motions to dismiss and to supplement the record DENIED.