United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-11035
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

YOUNAS SAYED NADURATH

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-32-1-A
--------------------

Before KING, Chief Judge, and DeMOSS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Younas Sayed Nadurath pleaded guilty to a one-count
indictment charging him with sending a bomb threat by mail to
Lamar High School ("Lamar") in Arlington, Texas.  The district
court sentenced Nadurath to 18 months of imprisonment, $28,711
in restitution, a three-year term of supervised release, and a
$100 special assessment.  Nadurath now appeals his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The letter Nadurath sent to Lamar threatened to kill, injure, and intimidate students and staff by means of explosives. The letter made specific reference to the school shootings at Columbine High School in Littleton, Colorado, in which 15 students were killed and 23 students were wounded. The letter stated that Columbine would seem like a picnic in comparison. Nadurath admitted that he had chosen Lamar at random and that he sent the letter so that he could observe, on television and in the newspapers, the pandemonium caused by the letter.

On appeal Nadurath argues that the district court erred in increasing his offense level by four under U.S.S.G. §§ 3A1.1(b)(1) and (b)(2). The district court's finding that the 2500 students at Lamar were victims of the offense and that they were particularly susceptible to the threats contained in Nadurath's letter was not clearly erroneous because it is plausible in light of the record as a whole. See United States v. Robinson, 119 F.3d 1205, 1218 (5th Cir. 1997); United States v. Somner, 127 F.3d 405, 408 (5th Cir. 1997).

AFFIRMED.