United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 02-20478
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO RIOJAS, also known as
Roberto Riojas-Sandoval,

Defendant-Appellant.

———————————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
(H-95-CR-142-1)

———————————————————————————————————

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Roberto Riojas appeals his life-sentence based upon his guilty-plea conviction for engaging in a continuing criminal enterprise and conspiracy to launder monetary instruments. Riojas contends the prosecutor knowingly failed to disclose that the presentence investigation report (PSR) contained inaccurate information and the district court erred in (1) calculating the amount of marijuana attributed to him for sentencing purposes; and

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) denying him an adjustment for acceptance of responsibility. (Riojas originally claimed the court also erred by enhancing his sentence for obstruction of justice. Riojas concedes in his reply brief, however, that the district court did not so enhance his sentence.)

Because the appeal-waiver provision, here, was broad and appeal-waiver provisions are construed against the Government, it does not preclude review of the above issues. ***United States v. Somner***, 127 F.3d 405, 407-08 (5th Cir. 1997).

Riojas asserts the prosecutor knowingly failed to disclose the PSR inaccurate information, which was material to his sentence. The inaccurate information stems from purported discrepancies between the PSRs for Riojas and codefendant Armando Pena, Jr. Riojas, however, has not provided this court with a copy of Pena's, as is his burden. ***United States v. Coveney***, 995 F.2d 578, 587 (5th Cir. 1993). Nor is Pena's PSR part of the district court record. Because Pena's PSR is not properly before this court, Riojas's prosecutorial-misconduct claim fails. See ***United States v. Flores***, 887 F.2d 543, 546 (5th Cir. 1989).

Riojas claims the district court erred in its drug-quantity calculation. Because a PSR is sufficiently reliable for making factual determinations and because Riojas offered no contradictory evidence, the district court did not clearly err by accepting the PSR's calculation of the amount of drugs attributable to him.

2

***United States v. Huerta***, 182 F.3d 361, 364 (5th Cir. 1999), *cert. denied* 528 U.S. 1191 (2000).

Riojas contends the district court erred in refusing to reduce his offense level for acceptance of responsibility. Our review of a U.S.S.G. § 3E1.1 determination is "even more deferential than a pure clearly erroneous standard". ***United States v. Chapa-Garza***, 62 F.3d 118, 122 (5th Cir. 1995). Riojas attempted to minimize his participation in the offense and downplay his criminal conduct. *See* U.S.S.G. § 3E1.1(a); ***United States v. Wilder***, 15 F.3d 1292, 1299 (5th Cir. 1994). There was no error.

***AFFIRMED***