**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 1, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40613
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER HERNANDEZ-ORTIZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-752-ALL
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Francisco Hernandez-Ortiz appeals his sentence following his guilty plea conviction for being present in the United States after having been deported following an aggravated felony conviction. 8 U.S.C. § 1326. He argues that the district court erred when it increased his offense level by 16 based upon his prior state assault conviction, which he contends was not punishable by a term of imprisonment over one year and was thus not a felony crime of violence under Sentencing Guideline § 2L1.2(b)(1)(A)(ii). He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that his trial attorney was ineffective in not raising this issue in the district court and that the waiver-of-appeal provision in the plea agreement thus does not prevent review of his sentencing claim.

Hernandez-Ortiz also contends that his state assault conviction should have been considered as an essential element of the offense of illegal reentry and that the district court should have determined beyond a reasonable doubt that Hernandez-Ortiz had been convicted of an aggravated felony before adjusting his sentence accordingly. As he acknowledges, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Almendarez-Torres was not overruled by Apprendi v. New Jersey, 530 U.S. 466 (2000). See Dabeit, 231 F.3d at 984. We AFFIRM Hernandez-Ortiz's conviction.

Given the Government's election not to enforce the plea agreement and the plea agreement's vagueness with allowing an appeal of an illegal sentence, Hernandez-Ortiz's waiver of appeal provision does not prevent us from reviewing the merits of his challenge to his sentence. See United States v. Rhodes, 253 F.3d 800, 804 (5th Cir. 2001); United States v. Somner, 127 F.3d 405, 407 (5th Cir. 1997).

The government agrees with Hernandez-Ortiz that the 16-level enhancement under Sentencing Guideline § 2L1.2(b)(1)(A)(ii) was inappropriate and argues instead that an 8-level enhancement is

appropriate under Sentencing Guideline § 2L1.2(b)(1)(C).  As the government agrees with Hernandez-Ortiz that the 16-level sentence enhancement was inappropriate, Hernandez-Ortiz's sentence is VACATED; the case is REMANDED for a determination as to the propriety of the 8-level enhancement argued for by the government; and the district court should then RESENTENCE Hernandez-Ortiz accordingly.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING IN ACCORDANCE WITH THIS OPINION.