United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-11144
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY JAMES WILLIAMS, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-139-ALL-H
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Larry James Williams, Jr., appeals his guilty-plea conviction and sentence for possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g), and his enhanced 180-month prison sentence under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").

The Government has filed a motion to dismiss Williams's appeal on the ground that, through a provision in his plea agreement, Williams waived his right to appeal. A defendant may waive his right to appeal as part of a valid plea agreement if

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the waiver is knowing and voluntary.  <u>United States v. Robinson</u>, 187 F.3d 516, 517 (5th Cir. 1999).  A court applies "general principles of contract law in order to interpret the terms of a plea agreement."  <u>United States v. Cantu</u>, 185 F.3d 298, 304 (5th Cir. 1999).  A waiver-of-appeal provision is to be construed against the Government, <u>United States v. Somner</u>, 127 F.3d 405, 408 (5th Cir. 1997), as the drafter of the agreement.

The waiver provision in Williams's agreement specifically reserved to him the right to appeal "<u>any</u> sentence in excess of <u>a</u> statutory maximum."  (emphasis added).  Williams's plea agreement noted that he faced two alternative statutory maximum prison terms:  a ten-year maximum under 18 U.S.C. § 924(a)(2) or a maximum of life imprisonment under the enhancement provision, 18 U.S.C. § 924(e).  Because the 15-year prison term imposed upon Williams was "in excess" of "a statutory maximum," Williams reserved the right to appeal the sentence.  The Government's motion to dismiss is DENIED.

For the first time on appeal, Williams raises a rather convoluted challenge to his ACCA-enhanced sentence under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  The ACCA requires that the prior convictions used for enhancement be based on offenses "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  Williams maintains that <u>Apprendi</u> required that the "separateness" of such offenses be proven to a jury beyond a reasonable doubt, although <u>Apprendi</u> excepts from such requirement

"the fact of a prior conviction." See Apprendi, 530 U.S. at 490. He admits that this is an issue of first impression in this court.

Because Williams failed to inform the district court of the specific grounds of his objection to the ACCA enhancement, this court's review of his Apprendi arguments is for plain error only. See United States v. Burton, 126 F.3d 666, 671 (5th Cir. 1997). Under the plain-error standard of review, the defendant bears the burden of showing that (1) there is an error (2) that is clear or obvious and (3) that affects substantial rights. See United States v. Olano, 507 U.S. 725, 732-34 (1993). If these conditions are satisfied, this court has the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736-37 (internal quotation marks and citation omitted). Because Williams's Apprendi argument would require an extension of this court's precedent, he cannot show that any error was "plain." See United States v. Hull, 160 F.3d 265, 272 (5th Cir. 1998).

To the extent that Williams challenges the ACCA enhancement under the standard that normally applies to sentencing issues, he has preserved the challenge for review. Williams has not, however, shown that the five judgment orders from prior convictions that the district court relied on to enhance his sentence were "materially untrue, inaccurate or unreliable." See United States v. Morrow, 177 F.3d 272, 304 (5th Cir. 1999).

That the dates of offenses entered upon the judgments may have been only an "administrative convenience" under Texas law does not mean that the judgments lacked sufficient indicia of reliability to establish those dates in a federal sentencing proceeding. See U.S.S.G. § 6A1.3.

The conviction and sentence are AFFIRMED.