United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40527
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RIGOBERTO OSORIO-CARBALLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-640-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rigoberto Osorio-Carballo (Osorio) pleaded guilty to count 1 of an indictment charging him with entering the United States illegally following deportation. Osorio was sentenced to a 71-month term of imprisonment and to a three-year period of supervised release. Osorio gave timely notice of his appeal.

Osorio challenges the constitutionality of 42 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense that must be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  The Government argues that the waiver provision in Osorio's plea agreement precludes his attack on the constitutionality of § 1326(b).  The Government argues that as a result of the waiver Osorio lacks standing to challenge the constitutionality of § 1326(b).

The waiver-of-appeal provision is construed against the Government as the drafter of the plea agreement.  <u>See</u> <u>United States v. Somner</u>, 127 F.3d 405, 408 (5th Cir. 1997).  Because Osorio's plea agreement does not specifically waive the right to attack the constitutionality of § 1326(b), we conclude that the waiver provision does not preclude this appeal.  <u>See</u> <u>id.</u>  Because Osorio would be entitled to a lesser sentence if his constitutional challenge were successful, he has standing.  <u>See</u> <u>Henderson v. Stalder</u>, 287 F.3d 374, 380 (5th Cir. 2002).

Osorio's argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), in which the Supreme Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional.  Although Osorio contends that a majority of the Supreme Court would now consider <u>Almendarez-Torres</u> to be incorrectly decided in light of <u>Apprendi</u>, "[t]his court has repeatedly rejected arguments like the one made by [Osorio] and has held that <u>Almendarez-Torres</u> remains binding despite <u>Apprendi</u>."  <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298

(2005). Osorio concedes as much, but he raises the argument to preserve it for further review.

AFFIRMED.