United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-41145
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMUNDO DIAZ-ZAVALA,

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(1:05-CR-153-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

Raymundo Diaz-Zavala appeals his guilty-plea conviction and sentence for being found unlawfully in the United States after deportation, having previously been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). He asserts: the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional, in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and § 1326(b) must be severed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

from the remainder of the statute and his conviction reduced to one under § 1326(a).

Diaz's conviction was pursuant to a plea agreement, in which he waived: "any right to have facts that the law makes essential to the punishment either (1) charged in the indictment or (2) proven to a jury or (3) proved beyond a reasonable doubt"; and, other than for a sentence above the statutory maximum, the right to appeal his sentence.

The Government contends: the waiver provisions in Diaz's plea agreement preclude his attack on the constitutionality of § 1326(b); and, as a result of the waivers, Diaz lacks standing to challenge the constitutionality of § 1326(b).

The waiver-of-appeal provision is construed against the Government as the drafter of the plea agreement. *See* ***United States v. Somner***, 127 F.3d 405, 408 (5th Cir. 1997). Because Diaz's plea agreement does not specifically waive the right to attack the constitutionality of § 1326(b), we conclude the waiver provision does not preclude this appeal. *See* ***id***. Because Diaz would be entitled to a lesser sentence if his constitutional challenge were successful, he presumably has standing. *See* ***Henderson v. Stalder***, 287 F.3d 374, 380 (5th Cir.), *cert. denied*, 537 U.S. 1048 (2002).

Even if he has standing, however, Diaz cannot succeed because his constitutional challenge is foreclosed by ***Almendarez-Torres v. United States***, 523 U.S. 224, 235 (1998). Although Diaz contends

2

*Almendarez-Torres* was incorrectly decided and a majority of the Supreme Court would overrule *Almendarez-Torres* in the light of *Apprendi*, we have repeatedly rejected such contentions on the basis that *Almendarez-Torres* remains binding. *See* **United States v. Garza-Lopez**, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Diaz concedes his contention is foreclosed in the light of *Almendarez-Torres* and circuit precedent, but raises it here to preserve it for further review.

*AFFIRMED*