United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41084
c/w 05-41095
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JORGE OSWALDO PEREZ-TOJ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-966-1
--------------------

Before SMITH, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jorge Oswaldo Perez-Toj appeals his guilty-plea conviction
and sentence for attempted illegal reentry into the United States
after deportation following an aggravated-felony conviction and
the sentence imposed following the revocation of his supervised
release.  Perez-Toj first challenges the constitutionality of 8
U.S.C. § 1326(b)'s treatment of prior felony and aggravated
felony convictions as sentencing factors rather than elements of
the offense that must be found by a jury in light of Apprendi v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

New Jersey, 530 U.S. 466 (2000). The Government argues that the sentence appeal waiver in Perez-Toj's plea agreement bars his claim.

The waiver-of-appeal provision is construed against the Government as the drafter of the plea agreement. See United States v. Somner, 127 F.3d 405, 408 (5th Cir. 1997). Because Perez-Toj's plea agreement does not specifically waive the right to attack the constitutionality of § 1326(b), we conclude that the waiver provision does not preclude this appeal. See id. Because Perez-Toj may be entitled to a lesser sentence if his constitutional challenge were successful, he has standing. See Henderson v. Stalder, 287 F.3d 374, 380 (5th Cir. 2002).

Perez-Toj cannot succeed on this claim, however, because his constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Perez-Toj contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Perez-Toj properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Perez-Toj also argues that the district court committed plain error by failing to afford him the right of allocution. Because the Government has not invoked the waiver provisions in the plea agreement as to Perez-Toj's allocution claim, the waiver in the plea agreement does not bind Perez-Toj on that issue. See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006).

As the record does not show that the district court unequivocally communicated to Perez-Toj his right to speak on any subject of his choosing, the district court committed error. See FED. R. CRIM. P. 32(i)(4)(A)(ii); United States v. Echegollen-Barrueta, 195 F.3d 786, 789 (5th Cir. 1999). Further, given the clear language of Rule 32 and precedent interpreting it, the error was obvious or plain. See United States v. Reyna, 358 F.3d 344, 350 (5th Cir. 2004). Perez-Toj has shown that he raised an argument in connection with sentencing that, if resolved in his favor, would have reduced the applicable Guidelines range or his ultimate sentence and thus, under Reyna, prejudice is presumed. See id. at 352. He fails, however, to allege any facts or arguments that he would have made at sentencing that would have warranted a lesser sentence and, consequently, he fails to prove a miscarriage of justice. We thus decline to exercise our discretion to correct the district court's error. See United States v. Magwood, ___F.3d___, 2006 WL 925597, *3 (5th Cir. Apr. 10, 2006). Accordingly, we affirm.

AFFIRMED.