United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-41284
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLYN MERCHAN-LINARES, also known as Willy Rodriguez,

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(7:05-CR-204-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In contesting his sentence for being present in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b), Willyn Merchan-Linares challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in the light of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). The Government asserts his guilty plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waived this issue and that, as a result, he lacks standing to challenge § 1326(b)'s constitutionality.

Merchan-Linares' guilty plea did not specifically waive the right to contest the constitutionality of § 1326(b). Accordingly, his plea does not preclude this appeal, *see United States v. Somner*, 127 F.3d 405, 408 (5th Cir. 1997); and, because he would be entitled to a lesser sentence if this challenge were successful, he has standing. *See Henderson v. Stalder*, 287 F.3d 374, 380 (5th Cir.), *cert. denied*, 537 U.S. 1048 (2002).

Merchan-Linares' claim is foreclosed, however, by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), which held treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional. Although Merchan-Linares contends a majority of the Supreme Court would now consider *Almendarez-Torres* to be incorrectly decided in the light of *Apprendi*, "[t]his court has repeatedly rejected arguments like the one made by [Merchan-Linares] and has held that *Almendarez-Torres* remains binding despite *Apprendi*". *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Conceding this claim is foreclosed, he raises it only to preserve it for further review.

*AFFIRMED*