United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40909
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME MIRANDA-ECHARTEA,

Defendant-Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-829-1
-------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written agreement, Jaime Miranda-Echartea pleaded guilty to aiding and abetting the importation of approximately five kilograms of methamphetamine. The district court upwardly deviated from Miranda-Echartea's guideline sentencing range and sentenced Miranda-Echartea to 70 months of imprisonment and to a five-year period of supervised release. Miranda-Echartea appeals his conviction and sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Miranda-Echartea argues that the sentence was unreasonable because, even though the Guidelines are advisory after United States v. Booker, 543 U.S. 220 (2005), the district court provided only a cursory explanation for the sentence and did not attempt to apply the factors mandated by 18 U.S.C. § 3553(a) to the facts of the case. He asserts that two reasons the district court gave for Miranda-Echartea's sentence were insufficient to support a non-guideline sentence. Specifically, he contends that the district court's non-guideline sentence is unreasonable because it was based on a factor incorporated in the Guidelines and it disregarded the need to promote uniform sentences for defendants with similar records who have engaged in similar conduct.

The district court calculated Miranda-Echartea's guideline sentence range, used that range as a frame of reference, and explained that the reasons for its upward deviation were "the need to deter future conduct and to sentence [Miranda-Echartea] in a range that's proportionate with others who smuggle 5 kilos of meth into this country." This is the proper procedure for the district court to follow when imposing a non-guideline sentence. See United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006).

In reaching its decision to make a non-guideline upward deviation, the district court set forth the following fact-specific factors: the importation of "5 kilos of meth . . . [was] highly unusual," Miranda-Echartea was not "in the same category as people that bring over 5 kilos of coke or a hundred kilos of marijuana," and the need to "sentence [Miranda-Echartea] in a range that's proportionate with others who smuggle 5 kilos of meth into this country." These factors were proper to consider as they related to "the nature and circumstances of the offense," to "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and to the need for the sentence "to reflect the seriousness of the offense, to

2

promote respect for the law, and to provide just punishment for the offense." See § 3553(a)(1), (a)(2)(A), (a)(6); see also Smith, 440 F.3d at 709.     Because the district court's upward deviation was supported by proper § 3553(a) factors, Miranda-Echartea has not shown that the district court's decision to make an upward deviation was unreasonable. See Smith, 440 F.3d at 710.  Given the court's reasons for the upward deviation, the extent of the deviation was not unreasonable. Id.

Miranda-Echartea also contends that the statutes under which he was convicted are facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  In making this argument, Miranda-Echarta refers erroneously to 21 U.S.C. § 841(a) and (b).  The Government argues that Miranda-Echartea lacks standing to challenge the constitutionality of § 841(a) and (b).  Although the Government is technically correct, Miranda-Echartea doubtless seeks to challenge the constitutionality of §§ 952 and 960, not § 841(a) and (b), and his references to § 841(a) and (b) appear to be typographical errors.  Miranda-Echartea fails to correct the error in his reply brief and instead compounds the error by referring erroneously to 8 U.S.C. § 1326.  In the interests of justice, we decline to dismiss the constitutional claims.  Counsel should CAREFULLY REVIEW submissions to this court and should tailor arguments in a reply brief to the arguments made in the appellee's brief.

The Government also asserts that the waiver provision in Miranda-Echartea's plea agreement precludes his attack on the constitutionality of 21 U.S.C. §§ 952 and 960.  The waiver-of-appeal provision is construed against the Government as the drafter of the plea agreement. See United States v. Somner, 127 F.3d 405, 408 (5th Cir. 1997).  Because Miranda-Echartea's plea agreement does not specifically waive his right to attack the constitutionality of §§ 952 and 960, we conclude that the waiver provision does not preclude consideration of this issue.  However, as Miranda-Echartea acknowledges, his contention is foreclosed by this court's precedent. See United States v. Slaughter,

3

238 F.3d 580, 582 (5th Cir. 2000).  He raises the issue solely to preserve it for possible Supreme Court review.

Accordingly, the judgment of the district court is AFFIRMED.