United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41242
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MANUEL CASTILLO-SUAREZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-812-1
---------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Carlos Manuel Castillo-Suarez (Castillo) appeals his
conviction and sentence for illegal reentry.  He argues that
(1) his Massachusetts conviction for indecent assault and battery
of a minor was not a "crime of violence" under U.S.S.G.
§ 2L1.2(b)(1)(A)(ii) (2004) and (2) the "felony" and "aggravated
felony" provisions of § 1326(b) are unconstitutional in light of
Apprendi v. New Jersey, 530 U.S. 466 (2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We hold that Castillo's violation of MASS. GEN. LAWS ch. 265, § 13B constitutes "sexual abuse of a minor," as that term is commonly understood, for purposes of the "crime of violence" sentencing enhancement. See § 2L1.2, comment. (n.1(B)(iii)); United States v. Izaguirre-Flores, 405 F. 3d 270, 275 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005). We further hold that the waiver provision contained in Castillo's plea agreement is construed against the Government as the drafter. See United States v. Somner, 127 F.3d 405, 408 (5th Cir. 1997). Because Castillo's plea agreement does not specifically waive the right to attack the constitutionality of § 1326(b), we conclude that the waiver provision does not preclude this appeal. See id. Because Castillo would be entitled to a lesser sentence if his constitutional challenge were successful, he has standing. See Henderson v. Stalder, 287 F.3d 374, 380 (5th Cir. 2002).

Nevertheless, Castillo's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Castillo contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Castillo properly concedes that his argument is

foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED