# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2012

No. 11-10405
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PRESTON BLANTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-237-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Preston Blanton pleaded guilty to two counts of receiving child pornography and one count of possessing child pornography and was sentenced to a total prison term of 235 months, at the top of the advisory guidelines sentencing range. The range was increased by five levels under U.S.S.G. § 2G2.2(b)(5) because the court found that Blanton had engaged in a pattern of sexual abuse of minors. Blanton appeals the five-level increase and raises no other challenges to the conviction or sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10405

A five-level increase in the offense level is warranted "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." § 2G2.2(b)(5).  The relevant "pattern of activity" is defined as two or more instances of sexual abuse or exploitation of a minor regardless whether the abuse occurred during the offense, involved the same minor, or resulted in a conviction.  § 2G2.2, comment. (n.1).

The Government was required to prove the facts warranting the increase by a preponderance of the evidence.  *United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010).  We review the district court's factual finding only for clear error.  *Id.*  We will affirm if the district court's decision was plausible in light of the record as a whole.  *United States v. Harris*, 434 F.3d 767, 773 (5th Cir. 2005).  We afford particular deference when, as here, the district court's findings are based on the credibility of witnesses.  *United States v. Holmes*, 406 F.3d 337, 363 (5th Cir. 2005).

At the sentencing hearing, two victims testified without contradiction that Blanton abused them when they were minors.  One victim had recanted shortly after the accusations of abuse were originally made, but the witness gave convincing reasons for the recantation, primarily his desire as a child simply to avoid the interrogation of skeptical adults and to pretend like nothing bad had happened.  He also explained that he felt he had no choice but to move in with Blanton years after the abuse had stopped, when he was a young man down on his luck and looking for a place to live near where he could work.

On appeal, Blanton repeats the arguments he made in the district court that the accusations of abuse were either implausible or insufficient.  The record fully supports the district court's factual finding that Blanton sexually abused the two victims repeatedly, and we reject Blanton's invitation to reweigh the testimony and the credibility of the witnesses.  *See Harris*, 434 F.3d at 773; *Holmes*, 406 F.3d at 363.  The judgment of the district court should is AFFIRMED.