# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2013

Lyle W. Cayce
Clerk

No. 11-40913
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO PALACIOS-RIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CV-91
USDC No. 2:10-CR-532-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Pablo Palacios-Rios (Palacios), federal prisoner #
49304-019, appeals the denial of his 28 U.S.C. § 2255 motion in which he claimed
that counsel was ineffective for failing to appeal. We granted a certificate of
appealability (COA) on whether Palacios asked his lawyer to file an appeal.
*United States v. Rios*, No 11-40913 (5th Cir. April 2, 2012) (unpublished order).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A lawyer performs deficiently if he "disregards specific instructions from the defendant to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). A lawyer also performs deficiently if he fails to discuss the advantages and disadvantages of an appeal and fails to ascertain the defendant's wishes about an appeal whenever "there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 478-80. To show prejudice, the defendant need only show a reasonable probability that, but for counsel's deficient performance, he would have appealed. *Id.* at 484-85.

During a hearing in which the district court participated by video conferencing, Palacios and his lawyer testified. The district court made an adverse credibility finding in rejecting Palacios's assertion that he requested and paid for an appeal. The court credited the lawyer's testimony that he was never paid to file an appeal, that he counseled Palacios about an appeal, and that he would not have overlooked or ignored a request for an appeal.

The district court's explicit and discrete factual findings that Ellison consulted Palacios about appealing and that Palacios did not request an appeal are the sort of "subsidiary findings of basic, historical fact made by the district court after a § 2255 evidentiary hearing" that are reviewed for clear error on appeal. *See United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005). Particular deference is due when the district court's findings are based on its own assessment of the credibility of witnesses. *Johnson v. Collins*, 964 F.2d 1527, 1532 (5th Cir. 1992). As "the district court's account of the evidence is plausible in light of the record viewed in its entirety," we will not reverse it absent a "definite and firm conviction that a mistake has been committed." *United States v. Harris*, 434 F.3d 767, 773 (5th Cir. 2005) (internal quotation marks and citations omitted). Palacios has not shown that the district court committed clear error. The judgment is therefore AFFIRMED.