# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40927
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO FORTONEL-OCAMPO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-842-2

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ramiro Fortonel-Ocampo, whose correct surname appears to be Fortanel-Ocampo, appeals the sentence imposed after he pleaded guilty to harboring and concealing illegal aliens for financial gain. He contends that the district court erred by failing to reduce his offense level by two levels for his allegedly minor role in the offense. He also says the court erred by increasing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40927

his offense level by six levels for harboring more than 25 aliens and by two levels for harboring at least one unaccompanied minor alien.

We review the district court's factual findings for clear error. *United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010). We will not reverse the district court if its finding is plausible in light of the record as a whole, even if we might have weighed the evidence differently. *United States v. Harris*, 434 F.3d 767, 773 (5th Cir. 2005). Particular deference is due when, as here, the district court's findings are based on credibility. *United States v. Perez*, 217 F.3d 323, 332 (5th Cir. 2000). The district court was entitled to rely on the facts recounted in the PSR unless Fortanel-Ocampo demonstrated "by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." *United States v. Floyd*, 343 F.3d 363, 372 (5th Cir. 2003) (internal quotation marks and citation omitted). "Mere objections do not suffice as competent rebuttal evidence." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). The Government was required to prove the facts warranting an increase by a preponderance of the evidence. *Juarez*, 626 F.3d at 251.

Concerning the two-level and six-level increases, Fortanel-Ocampo relies primarily on his lack of actual knowledge and the lack of foreseeability that the alien smuggling scheme would involve more than 25 aliens and any unaccompanied minors. Because the defendant was involved in a "jointly undertaken criminal activity," he is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B); *see United States v. De Jesus-Ojeda*, 515 F.3d 434, 442-43 (5th Cir. 2008).

Fortanel-Ocampo's contentions are based on his assertion that he reluctantly became involved in the smuggling scheme at the last minute while

looking for his brother among the smuggled aliens. The district court rejected this narrative as "farfetched," and we defer to the court's credibility determination. *See Perez*, 217 F.3d at 332. Moreover, unrebutted facts established that Fortanel-Ocampo supervised the aliens while they were hiding in the brush and that he directed them toward transportation to a double-wide trailer where more than 50 aliens were kept in overcrowded and unsanitary conditions. He fails to show that the district court committed clear error by imposing these two increases.

"To qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *United States v. De Jesus-Batres*, 410 F.3d 154, 163 (5th Cir. 2005) (internal quotation marks and citation omitted). Fortanel-Ocampo had the burden of proving that his role in the offense was minor. *See id.* The unrebutted facts show that Fortanel-Ocampo was in charge of the aliens while they were hiding in the brush and that he provided them with basic directions about hiding and boarding the vehicles that would take them to the trailer. Fortanel-Ocampo personally transported at least one illegal alien, and was carrying more than $2400 when arrested. He offers only his bare conclusion that these acts show he "was no leader or average player, but rather a minor subordinate assigned simple tasks by his bosses." He did not prove he was merely peripheral to the scheme. *See De Jesus-Batres*, 410 F.3d at 163. He thus fails to show that the district court committed clear error by declining to reduce his offense level for being a minor participant. *See id.* at 164.

Fortanel-Ocampo shows no clear, reversible error. The judgment is AFFIRMED.